UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

DAVID MAISENHELDER,
                              Defendant.

Criminal No. 07-036 (CKK) (AK)

**DETENTION MEMORANDUM**

The Defendant, David Maisenhelder, has been charged by indictment with Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2). The government requested a detention hearing, which was held on February 21, 2007 and continued on February 26, 2007. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

The Government proceeded by proffer at the detention hearing. Posing as a pedophile, Detective Palchak of the Metropolitan Police Department ("MPD") began a series of online "chat sessions" with Defendant in November 2006. During the initial chat sessions, Defendant sent

- 1 -

Palchak images of two clothed children and claimed to have had sexual relations with them. He also discussed with Palchak how he had access to children in his neighborhood. During the third chat session, which occurred on February 5, 2007, Defendant sent several images to Palchak over the Internet that depicted children engaging in sex acts with adults.

Following Defendant's transmission of these materials, the authorities obtained and executed a search warrant for his residence in or near Norfolk, Virginia. The search yielded, among other things, several computers and a DVD containing approximately 500 different images of children in sexually explicit poses or activities.

According to the Government, Defendant made a video statement to the police following his arrest in which he admitted to being a pedophile and stated that he "couldn't help himself."

## <u>Discussion</u>

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the

safety of the community, the judicial officer shall take into account the available information

concerning (1) the nature and circumstances of the offense charged; (2) the weight of the

evidence against the Defendant; (3) the Defendant's history and characteristics, including the

Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person

or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The

Defendant is charged with distribution of child pornography, a crime of violence under the Bail

Reform Act. *See* 18 U.S.C. §3156(a)(4)(C).

The second factor, the weight of the evidence, also favors detention. The Government

has strong evidence in support of their allegations against Defendant, including the following:

several photos containing child pornography sent over the Internet by Defendant to Palchak;

hundreds of child pornography photos found in Defendant's home; and a videotaped statement

by Defendant in which he makes several potentially incriminating statements.

The third factor, the history and characteristics of the Defendant, supports pretrial

detention. Defendant is a Chief Petty Officer with the U.S. Navy who is attached to Naval

Station Norfolk. Although the Court is not aware of any criminal record for Defendant, the

Government has demonstrated a strong possibility that Defendant will engage in similar conduct

should he be released before trial. First, according to the Government, Defendant was

investigated (but not charged) by the FBI in 2004 for participating in pedophile chat rooms on the

Internet. Second, during his chat sessions with police, Defendant acknowledged sexual

encounters with minors and indicated that he has access to children in his neighborhood. Finally,

Defendant made a videotaped statement to the police in which he admitted to being a pedophile,

and stated that he cannot help himself.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Child pornography is not a victimless crime. The viewing and distribution of child pornography stimulates its demand, which in turn leads to the further exploitation of innocent children.

### Possible Conditions of Release

The Government has demonstrated that there are no adequate conditions that the Court or the Navy can impose to keep Defendant from engaging in this alleged conduct. First, according to the Government, the Pretrial Services Agency in Norfolk will not be able to adequately monitor Defendant to prevent him from using the Internet. The Court agrees. Unlike with drug use, Pretrial Services will be unable to reliably monitor or determine whether Defendant has violated the conditions of his release by using the Internet. The Court also finds that the Navy is both unwilling and unable to properly monitor Defendant should he be released before trial. The Government submitted a letter to the Court from Defendant's commanding officer in the U.S. Navy. In this letter, Defendant's commanding officer, indicates that she has initiated proceedings to discharge Defendant from the Navy. She also indicates that the Navy will be unable to adequately monitor Defendant pending his trial.

At the continuation of the detention hearing on February 26, 2007, the Court heard argument from counsel for Defendant on possible conditions that could be imposed before trial. Counsel's suggestions of medical treatment and GPS monitoring for Defendant did not convince

the Court that Defendant could be kept from using the Internet while on pretrial release.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), the

Court concludes by clear and convincing evidence that no condition or combination of conditions

can be imposed to reasonably assure the safety of the community.  The presumption in favor of

detention established by the statute has not been overcome by the Defendant in this case.

Therefore, the government's motion for pretrial detention is granted.


Dated:  March  _13_ , 2007                          ___/s/_____
                                                    ALAN KAY
                                                    UNITED STATES MAGISTRATE JUDGE