UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  :  | |
| : | |
| v.  : | Criminal No. 07-036 (CKK) |
| : | |
| DAVID MAISENHELDER, : | |
| : | FILED |
| Defendant.  : | |
| | JUN - 4 2007 |
| | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

STATEMENT OF FACTS

The parties in this case, the United States of America and the defendant, David Maisenhelder, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offense; they are being submitted to demonstrate that there exists probable cause that the defendant committed the offense to which he is pleading guilty.

1. On November 1, 2006, detective Timothy Palchak, a member of the Metropolitan Police Department (MPD) Regional Internet Crimes Against Children's Task Force began an on-line investigation in search of individuals who possessed, distributed, produced, or received images of children depicted in pornographic materials. On that date, in an undercover capacity at a location in the District of Columbia, Palchak entered an "Incest Taboo" website posing as a 35 year old male with the screen name of "james."

2. Palchak was contacted in the "Incest Taboo" website chatroom by an individual using the screen name "Pastor" with the e-mail address hngcock2000@yahoo.com.[1] During the

---

[1] While Detective Palchak initially met the defendant in the "Incest Taboo" chatroom, he asked him to switch over to the MSN chatroom since the Incest Taboo Chatroom had no ability to archive and thus no way to capture the substance of the chat, unlike MSN which does have that capacity. When the defendant switched over to the MSN chatroom, his screen name changed to "You me" although the two continued to make reference to the "Pastor" screen name in their initial chat.

online conversation, before switching to "MSN, "Pastor" stated to "james" that he was "active," that is that he engaged in sex with children and that he had access to them. After switching over to "MSN," You me (formerly "pastor") went on to explain to "james" that he had access to children ages five to fifteen years old, that he watches children on weekends and referred to himself as a "trusted person." When Palchak inquired how "You me" prevented the children from disclosing the sexual activity, "You me" replied that he "has his ways" and inserted the image of a smiley face [(:].

3. Palchak, using the screen name "james" told "You me" that he had access to a 10 year old girl who was the daughter of "james's" girlfriend, a prostitute, and that he engaged in sex acts with the child in exchange for money he paid to the mother. "You me" expressed interest in meeting "james" and the 10 year old and described sex acts he wanted to perform with the child. He also told Palchak that he would bring "a party favor." When "You me" asked Palchak what age child he preferred, Palchak stated that he wanted a child five to seven years old. Thereafter, "You me" told Palchak that if he was up for a [five to seven] year old that he was as well. The chat lasted approximately one hour and twenty minutes.

4. On November 21, 2006, Palchak was again online in an undercover capacity on a computer in the District of Columbia and using the screen name "james," as well as that of "james p" and entered the "Incest Taboo" website. When he learned that the defendant was also online, he again asked him to switch to another chatroom, which he did. The individual with the email address hngcock2000@Yahoo.com using the screen name "You me" and Palchak engaged in an online chat for approximately fifteen minutes. During the conversation, "You me" stated that he had sex with a nine year old girl the same day. He forwarded to Palchak a photograph of a young girl whom he stated was the nine year old child with whom he engaged in sex.

2

5. On February 5, 2007, Palchak was again online on a computer in the District of Columbia, and using the screen name "jimmyped1." Palchak observed that "You me," who was on his "buddy list" was also online. Palchak contacted "You me," with the display email address of hngcock2000@Yahoo.com. They engaged in conversation on the internet for approximately one hour. During the conversation, "You me" forwarded via the internet an image of an adult woman holding a small child who appeared to be approximately three years old. "You me" stated that he had engaged in sexual intercourse with the child while babysitting her while her mother went to the nail salon.

6. During the online conversation, "You me" sent to Palchak via the internet seven still images and three videos in which minor children were depicted engaging in sex acts and posing in a suggestive manner so as to expose their genitalia. The majority of those images depicted prepubescent females. Included in the images that the defendant sent to Detective Palchak on February 5, 2007, were images of infants and a child approximately 18 months old with adult males' penises in their mouths, images of children who appeared to be three to four years old being digitally penetrated and a video depiction of a child approximately five years old being penetrated vaginally by an adult male's penis. At one point in the on-line conversation, "You me" asked Palchak whether he wanted a picture to masturbate to and forwarded to Palchak several images that depicted infants and a young girl approximately five years old with penises in their mouths.

7. Account information obtained from the internet service provider Cox Communications indicates that the customer using the e-mail address hngcock2000@Yahoo.com was DAVID MAISENHELDER with a mailing address of 5001 Belton Road, Chesapeake, Virginia 23325-3607, telephone number (757) 545-4480. Further investigation determined that MAISENHELDER was on active duty with the United States Navy, that he is unmarried and has

no dependents. Military records listed his current address as 5001 Belton Road, Chesapeake, Virginia. MAISENHELDER had also informed military personnel that he lived alone. That address for MAISENHELDER was confirmed by current Virginia Department of Motor Vehicle records and by telephone company records which listed the telephone number (757) 545-4480 as being assigned to DAVID MAISENHELDER, 5001 Belton Road, Chesapeake, Virginia.

8. On February 8, 2007, detectives from MPD and Agents from the Naval Criminal Investigative Service (NCIS) went to Chesapeake, Virginia to execute a search warrant issued by the United States District Court for the Eastern District of Virginia for MAISENHELDER's home at 5001 Belton Road. Detective Palchak, who went with NCIS agents to defendant's place of employment on a nearby Naval ship, spoke to the defendant after advising him of his Miranda rights. After waiving his rights, defendant admitted that he was the one chatting with Detective Palchak on February 5, 2007 and had sent him several child pornographic images via the internet. Defendant also stated that they would find at least 100 images of children engaging in sexually-explicit conduct during the search of his residence. Notwithstanding his discussions during his online chats with Detective Palchak to the contrary, defendant denied that he was also engaging in sex with minors.

9. MPD officers and NCIS agents searched the defendant's house on February 8, 2007, in the presence of officers from the Chesapeake Police Department. Among the items recovered were numerous data storage devices, including a computer, compact discs and digital memory sticks containing images. A preliminary forensic analysis of the images has identified over 2,000 images that would constitute child pornography under federal law. However, the defense has viewed and verified only 600 of those pornographic images. As agreed to in ¶ 6 of the Plea Agreement, for sentencing purposes, the defendant acknowledges that he possessed at least 600 images containing

child pornography on his personal computer and other electronic storing devices seized during execution of the search warrant of his personal residence.

10.    If this case had gone to trial, the government would prove through expert testimony, that images exchanged in the online conversations and stored on his personal computer and other storing devices depicted real images of children, including the identification of known victims depicted in many of the still images, and expert testimony concluding that it is all but impossible to create virtual images for video movies; reiterated, video movies contain only real images of children. The government would further prove that the images the defendant sent to Detective Palchak and the images that were recovered during the search of his residence, traveled in interstate commerce by means of the internet, and were images of actual minor children.

_____
DEBRA LONG-DOYLE
Assistant U.S. Attorney

ANGELA HART-EDWARDS
Assistant U.S. Attorney

_____
TONY MILES, Esquire
Attorney for Defendant

_____
DAVID MAISENHELDER
Defendant

Date: 6-4-07

Date: 4 June 07